UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GLENNA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02114-TAB-JRS |
| | ) | |
| MARION COUNTY SHERIFF'S DEPARTMENT, | ) | |
| LONG DEPUTY (MCSO #633), | ) | |
| CLARK SERGEANT (MCSO #209), | ) | |
| SHAMBAUGH DEPUTY (MCSO), | ) | |
| EDWARDS DEPUTY (MCSO #1363), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND**

Before the Court is Plaintiff Glenna Taylor's motion for leave to amend her complaint to (1) substitute the Marion County Sheriff's Office for the Marion County Sheriff's Department, (2) add Defendant Consolidated City of Indianapolis/Marion County, and (3) add Count VI—spoliation. Defendants do not oppose the substitution, or the addition, but oppose adding the spoliation claim, arguing the motion is untimely because it was filed five months after the deadline to amend pleadings set forth in the Case Management Plan. However, Taylor shows good cause for the delay. Therefore, the Court grants in whole Taylor's motion for leave. [Filing No. 35.]

Taylor alleges that on July 15, 2017, she was improperly detained at Hope Hall in the Marion County Jail. Taylor claims that, while detained, she suffered an unlawful attack by Defendant officers in the elevator and in a room after exiting the elevator. Defendants produced video evidence. One video depicts events prior to the alleged assault, and the second shows Taylor and Defendant officers in the elevator but cuts off before the parties exit the elevator,

which is when Taylor alleges part of the assault happened. Taylor requests leave to amend to add a spoliation claim, alleging that the Marion County Sheriff's Department failed to preserve video surveillance of the alleged incident and destroyed the video in bad faith.

Taylor shows good cause for her delay in seeking the amendment. Generally, under Rule 15(a)(2), courts freely give leave to amend the pleadings. However, the CMP's deadline to amend the pleadings was November 13, 2018. [Filing No. 14.] To amend a CMP, Rule 16(b)(4) requires the party seeking the amendment to show good cause. The "'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.* 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Taylor claims that she did not receive the video until February 25, 2019, and that she contacted Defendants the following day to confirm that they had no further video of the incident. [Filing No. 35, at ECF p. 3.] Defendants argue that Taylor already knew of the limited content of the video because they sent it to Taylor on June 29, 2018, before this case was filed. [Filing No. 42. at ECF p. 1.] Regardless, discovery remains open until July 12, 2019, so it was reasonable for Taylor to wait for confirmation that there was no additional video available before adding a spoliation claim.

With good cause shown, Taylor easily clears the liberal standard for amending pleadings. See *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Considering that Rule 15 allows amendments even during and after trial, allowing an amendment based on information that was clarified during the course of discovery is well within the bounds of Rule 15's standard. The amendment was filed ten weeks before the close of discovery [Filing No.

2

33], and before any party filed dispositive motions. Further, Defendants do not argue that they are prejudiced by the amendment.

For these reasons, the Court grants Taylor's motion for leave to amend. [Filing No. 35.] The proposed amended complaint attached to Taylor's motion [Filing No. 35-1] shall be deemed filed as of the date of this order.

Date: 7/3/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email