UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GLENNA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02114-TAB-JRS |
| | ) | |
| MARION COUNTY SHERIFF'S OFFICE, | ) | |
| CONSOLIDATED CITY OF | ) | |
| INDIANAPOLIS/MARION COUNTY, | ) | |
| LONG DEPUTY (MCSO #633), | ) | |
| CLARK SERGEANT (MCSO #209), | ) | |
| SHAMBAUGH DEPUTY (MCSO), | ) | |
| EDWARDS DEPUTY (MCSO #1363), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**I.    Introduction**

Defendants have filed a motion seeking summary judgment on all of Plaintiff Glenna Taylor's claims except the excessive force claim against the individual Defendant officers. For reasons explained more fully below, no genuine issues of material fact remain regarding any of the claims raised in Defendants' motion. Therefore, Defendants' motion [Filing No. 58] is granted. Defendants are entitled to judgment as a matter of law as to Taylor's *Monell* claim, spoliation claim, state and federal failure-to-train claims, and the other state claims of negligence, assault, battery, and intentional infliction of emotional distress.

## II. Background

On July 15, 2017, Taylor was detained at Hope Hall, in the Marion County Jail. [Filing No. 45, at ECF p. 2.] While detained, she was asked to provide a urine sample but stated to Deputy Linda Long that she was unable to do so. [Filing No. 58-1, at ECF p. 30.] The parties dispute the events that occurred at the jail following Taylor's claim that she could not provide a urine sample. Taylor alleges that she suffered an unlawful attack by Defendant officers using excessive force in the elevator and in a room after exiting the elevator. She claims she was pushed, thrown, hit, and grabbed by the throat by various officers during the incident. [Filing No. 66, at ECF p. 3-4.] Defendants dispute these alleged facts, but do not move for summary judgment on Taylor's excessive force claim. Thus, these factual disputes are not material to Taylor's claims that are not connected to the issue of excessive force. [Filing No. 59, at ECF p. 9, n. 1.]

Taylor filed this case in state court alleging: Count I: negligence against all Defendants; Count II: use of excessive force against all Defendants; Count III: assault and battery against all Defendants; Count IV: 42 U.S.C. § 1983 use of excessive force against Defendant officers; Count V: intentional infliction of emotional distress against all defendants. [Filing No. 1-1.] Defendants removed the case to this Court based on Taylor's § 1983 claim. [Filing No. 1, at ECF p. 1.] The Court granted Taylor's motion to amend her complaint to substitute the Defendant Marion County Sheriff's Office ("MCSO") for the Marion County Sheriff's Department, add Defendant Consolidated City of Indianapolis/Marion County, and add Count VI—spoliation. [Filing No. 44.] Defendants then filed their motion for partial summary judgment, seeking summary judgment on all of Taylor's claims except the federal excessive force claim against the individual Defendant officers. [Filing No. 58.]

### III. Discussion

Defendants argue they are entitled to judgment as a matter of law as to all of Taylor's claims—except the excessive force claim against the individual Defendant officers—because, among other things, Taylor cannot establish that her constitutional rights were violated, that Defendant MCSO's policy practice, or custom caused a constitutional violation, or that MCSO failed to adequately train or supervise its employees. [Filing No. 59, at ECF p. 12-13.] Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome-determinative." *Stumm v. Town of Pittsboro*, 355 F. Supp. 3d 751, 752 (S.D. Ind. 2018) (internal citations omitted). Here, for reasons stated below, Defendants have shown there is no genuine issue as to any material fact related to Taylor's *Monell* claim, spoliation claim, state and federal failure-to-train claims, and the state claims of negligence, assault, battery, and intentional infliction of emotional distress.

#### a. *Monell* claim

First, Defendants argue Taylor's § 1983 excessive force claim against Defendant MCSO fails because she has not designated evidence that MCSO was deliberately indifferent toward a constitutionally deficient policy, practice or custom. [Filing No. 59, at ECF p. 13.]

"Pursuant to *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), municipalities and other local government units can be subject to

3

liability under § 1983." *Hendricks v. New Albany Policy Dept.*, 749 F. Supp. 2d 863, 873 (S.D. Ind. 2010).

> There is no respondeat superior liability for municipalities under 42 U.S.C.§ 1983. *Monell*, however, holds that municipalities may be liable for § 1983 claims when they are directly responsible for the constitutional deprivation. To establish that responsibility, and thus liability under *Monell*, a plaintiff must ultimately prove three elements: (1) a municipal action, which can be an express policy, a widespread custom, or an act by an individual with policy-making authority; (2) culpability, meaning, at a minimum, deliberate conduct; and (3) causation, which means the municipal action was the "moving force" behind the constitutional injury.

*Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019) (internal citations omitted). *See also Levy v. Marion County Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) ("To prevail on a *Monell* claim, plaintiffs must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker. A municipality has the requisite degree of culpability if it acts with deliberate indifference to the known or obvious consequences of its action." (Internal citations omitted)).

Defendants contend Taylor has not identified any express MCSO policy she alleges to be unconstitutional and has not cited any evidence that MCSO was indifferent toward a widespread practice or custom that caused her rights to be violated. [Filing No. 59, at ECF p. 14, 15.] Taylor claims that "genuine issues of material fact exist as to the existence of an unconstitutional policy" [Filing No. 66, at ECF p. 18], but then cites no such policy. Taylor does not indicate that she finds fault with any MCSO express written policy regarding use of force or MCSO's manner of training expressed in written policy. Instead, Taylor's argument centers on the idea that

4

MCSO's custom or pattern regarding use of force differs from its written policy. [Filing No. 66, at ECF p. 18.]

But to prove municipal action in this way, Taylor must be able to show a widespread claim or practice. *See, e.g.*, *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) ("We do not adopt any bright line-rules defining a widespread custom or practice. . . . [T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three. But the plaintiff must demonstrate that there is a policy at issue rather than a random event." (Internal citations and quotation marks omitted)). Taylor has not done so.

While Taylor claims that she is not just relying on one single incident, the argument section of her brief on this issue contains no citations to any specific evidence in the record of widespread practices or customs. Local Rule 56-1(e) states:

> **Citations to Supporting Facts.** A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.

S.D. Ind. L.R. 56-1(e). Taylor failed to provide such requisite support here. Taylor's brief contains almost three full pages of argument related to her *Monell* claim, but not a single citation to evidence within those pages. [Filing No. 66, at ECF p. 17-19.]

Instead, Taylor ambiguously claims—based solely on the testimony of the individual Defendant officers—that MCSO had a policy of training its deputies that physical force is not limited to instances outlined in the written policy. [Filing No. 66, at ECF p. 18-19.] She maintains that the individual Defendants' testimony indicates that the individual Defendants deviated from the written use of force policy, creating a custom or practice that caused Taylor's

rights to be violated. [Filing No. 66, at ECF p. 19.] Again, however, Taylor's argument contains no citations to specific supporting factual evidence. Defendants, on the other hand, cited to evidence in their reply brief [Filing No. 67, at ECF p. 3] demonstrating that during the relevant time period for this case, MCSO utilized a "Force Continuum" policy, which is "a conceptualization-training tool to examine the Use of Force and allow deputies to make appropriate choices in the degree of force to use in a given situation. It does not create a black and white menu of options from a world of gray facts and circumstances." [Filing No. 58-6, at ECF p. 10.] Taylor has failed to set forth any evidence demonstrating deliberate indifference by MSCO or its officers to the rights of individuals or any sort of pattern of constitutional violations.

In addition, Taylor has not identified evidence demonstrating a causal link between any MSCO policy and an alleged constitutional violation. *See, e.g., Lapre v. City of Chicago*, 911 F.3d 424, 430 (7th Cir. 2018) (" '[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.' " (quoting *Board of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d. (1997))). Without a policy or custom, that link is missing. For these reasons, Taylor has failed to raise a genuine issue of material fact with respect to her *Monell* claim against Defendant MCSO, and Defendants' motion for summary judgment is granted as to this claim.

**b. Spoliation claim**

Next, Defendants contend that Taylor's claim of spoliation against Defendant MCSO fails under both state and federal standards because spoliation is not a cognizable state or federal independent cause of action. [Filing No. 59, at ECF p. 17.] Taylor concedes there is no independent cause of action for spoliation. [Filing No. 66, at ECF p. 19.] Thus, Defendants are entitled to judgment as a matter of law on this claim.[1]

   **c. Federal failure-to-train claim**

Defendants also seek summary judgment as to Taylor's federal failure-to-train claim. Defendants argue that Taylor's federal failure-to-train claim fails because Taylor cannot show MCSO subjected her or caused her to be subjected to a deprivation of rights. [Filing No. 59, at ECF p. 24.] As with the *Monell* claim, Defendants argue that Taylor cannot establish the existence of any unconstitutional policies, practices, or customs. [Filing No. 59, at ECF p. 24.] "A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged violations. Further, inadequacy in police training can serve as a basis for liability under Section 1983, but only where the failure to train amounts to deliberate indifference to the citizens the officers encounter." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708-09 (7th Cir. 2012) (internal citations omitted). *See also Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) ("A municipality will be held liable for the violation of an individual's constitutional rights for failure to train adequately its officers only when the inadequacy in training amounts to deliberate indifference to the rights of the individuals with whom the officers come into contact.").

---

[1] Despite conceding spoliation is not a separate cause of action, Taylor argues that a genuine issue of material fact still exists on the issue of spoliation. Whatever role the issue of spoliation may play at trial, summary judgment as to an alleged spoliation cause of action is appropriate.

In this case, Taylor has not tendered an expert or presented any evidence MCSO had a policy or custom of failing to train or supervise employees. Taylor raises no new argument and simply refers to her earlier argument regarding the *Monell* claim. [Filing No. 66, at ECF p. 23-24.] The flaws of that argument, in addition to the complete lack of citation to evidentiary support, have already been discussed. As with her *Monell* claim, Taylor has failed to set forth any evidence demonstrating deliberate indifference by MSCO or its officers to the rights of individuals or any sort of pattern of constitutional violations. Thus, Defendants are entitled to judgment as a matter of law on this claim.

### d. State failure-to-train claim

Additionally, Defendants seek summary judgment on Taylor's state claim for failure to train. Defendants contend Taylor's state claim against MCSO for negligent failure to train fails because MCSO is immune from suit under Indiana law. [Filing No. 59, at ECF p. 23.] Defendants cite both I.C. § 34-13-3-3(7) and I.C. § 34-13-3-3(8)(A) in support of this proposition. [Filing No. 59, at ECF p. 23.] Taylor, in response, focuses on the question of excessive force—which still a factual issue in this case—and argues that the use of excessive force is not immunized conduct under the Indiana Tort Claims Act. [Filing No. 66, at ECF p. 22.]

However, the Court need not dive deeper into the arguments raised regarding immunity, because Taylor has not set forth any evidence of failure to train in violation of state or federal law. Even assuming, *arguendo*, MCSO is not immune, Taylor still must present evidence that MCSO failed to train or supervise its employees. Taylor has not tendered an expert or presented any evidence that MCSO negligently failed to train or supervise employees. Therefore, as with

8

Plaintiff's federal failure-to-train claim, Defendants are also entitled to summary judgment as to Taylor's state failure-to-train claim.

   e. **Other state claims**

Finally, Defendants seek summary judgment on Taylor's state claims of negligence, battery, assault, and intentional infliction of emotional distress against the individual Defendant officers. Defendants argue that the individual Defendant officers cannot be held individually liable for state torts of negligence, battery, assault, or intentional infliction of emotional distress under Indiana law because their actions were within the course and scope of their employment, citing I.C. § 34-13-3-5(b). [Filing No. 59, at ECF p. 31.] Under I.C. §34-13-3-5(b), "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally." *Id*. *See, e.g., Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment. As the district court pointed out, the complaint repeatedly alleges that Jones was acting pursuant to his position as a detective with the Indiana police department." (Internal citations omitted)); *Julian v. Hanna*, 732 F.3d 842, 848 (7th Cir. 2013) ("These allegations present the question whether Julian would have an adequate state remedy against governmental entities, given that the Indiana Tort Claims Act makes clear that there is no remedy against the individual employees for anything they did that was within the scope of their employment, construed very broadly.").

In this case, Taylor alleged in her complaint that the individual Defendant officers acted within scope of employment [Filing No. 45, at ECF p. 2, 5], and Defendants admitted this fact in their answer [Filing No. 51, at ECF p. 3, 4]. Taylor cannot now claim that Defendants acted outside the course and scope of employment when the fact is no longer in controversy. *See, e.g., Hendricks v. New Albany Police Dep't*, 749 F. Supp. 2d 863, 869 (S.D. Ind. 2010) ("The evidence unmistakably indicates that Hall acted within the scope of his employment at all times, and Plaintiff does not seriously contest this issue. In fact, Plaintiff's Amended Complaint states, 'At all relevant times herein, the defendant, Cpl, John Hall, was acting within the scope of his duties as an employee of the defendant, New Albany Police Department.' Clearly, Hall cannot be held liable for Plaintiff's state law claims. This would be true even if his behavior was egregious." (Internal citation omitted)). Moreover, Taylor has not designated evidence that indicates any Defendants acted outside the course and scope of employment. Thus, Defendants are entitled to judgment as a matter of law on these claims.

### IV. Conclusion

Defendants' motion for partial summary judgment [Filing No. 58] is granted. Defendants are entitled to judgment as a matter of law as to Taylor's *Monell* claim, spoliation claim, state and federal failure-to-train claims, and the state claims of negligence, battery, assault, and intentional infliction of emotion distress. This case remains set for a final pretrial conference at 1:30 p.m. on January 13, 2020, and for a jury trial on January 14, 2020 to address Taylor's remaining excessive force claim.

Date: 12/3/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email