UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GLENNA TAYLOR,                           )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        No. 1:18-cv-02114-TAB-JRS
                                         )
LONG DEPUTY (MCSO #633),                 )
CLARK SERGEANT (MCSO #209),              )
SHAMBAUGH DEPUTY (MCSO),                 )
EDWARDS DEPUTY (MCSO #1363),             )
                                         )
                    Defendants.          )


**ORDER ON DEFENDANTS'
MOTION FOR RELIEF UNDER FED. R. CIV. P. 50**

## I.      Introduction

Plaintiff Glenna Taylor alleged Defendants subjected her to excessive force while she was detained in the Marion County Jail. The case proceeded to a jury trial. After hearing all the evidence and deliberating, the jury returned a verdict in favor of all Defendants except Defendant Deputy Long. Long now asks the Court to set aside the jury verdict against her pursuant to Fed. R. Civ. P. 50. [Filing No. 98.] As explained in more detail below, there simply is not enough evidence to support the jury verdict against Long. Therefore, Defendants' motion [Filing No. 98] is granted.

## II.    Background

This case involves an incident that occurred at the Marion County Jail on July 15, 2017. [Filing No. 45, at ECF p. 2.]  Plaintiff claimed that the individual Defendants—Deputy Long, Sergeant Clark, Deputy Shambaugh, and Deputy Edwards—used unreasonable force against her while she was detained at the jail, while acting within the scope of their employment with the Marion County Sheriff's Office, in violation of the Fourth and Fourteenth Amendments.  [Filing No. 45, at ECF p. 3.]  Without attributing any specific action to any particular Defendant, Plaintiff alleged in her complaint that she was "thrown against a wall, struck in the abdomen and the back of her knees, and was choked[.]"  [Filing No. 45, at ECF p. 2.]  As a result, Plaintiff claimed that she suffered physical and mental injuries.  [Filing No. 45, at ECF p. 3.]  The matter proceeded to a jury trial.  [Filing No. 92.]  At the close of Plaintiff's case and outside the presence of the jury, Defendants moved for judgment as a matter of law under Fed. R. Civ. P. 50 as to Defendant Long only.  [Filing No. 93, at ECF p. 1.]  The Court found the evidence against Long to be vary barren, but took the Rule 50 motion under advisement and declined to enter a ruling at that time.  [Filing No. 93, at ECF p. 1.]

At the close of the evidence, the jury found Defendants Clark, Shambaugh, and Edwards did not use excessive force against Plaintiff.  [Filing No. 96, at ECF p. 1-2.]  However, the jury found Long liable for using excessive force against Plaintiff and awarded compensatory damages in the amount of $20,000 and punitive damages of $1,000.  [Filing No. 96, at ECF p. 1-3.]  Defendants now argue that Long is entitled to judgment as a matter of law.  [Filing No. 100, at ECF p. 2.]

## III.     Discussion

Defendants maintain that Plaintiff's testimony was "wholly insufficient" to support the verdict the jury reached against Long.  [Filing No. 100, at ECF p. 5.]  In the alternative, Defendants contend that Long is entitled to qualified immunity.  [Filing No. 100, at ECF p. 7.]  Thus, Defendants seek judgment as a matter of law under Fed. R. Civ. P. R. 50(a).

> Rule 50 of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. . . .  In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence.  The court does not make credibility determinations or weigh the evidence.  Although the court reviews the entire record, the court must disregard all evidence favorable to the moving party that the jury was not required to believe.

*Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012) (internal citations, quotation marks, and brackets omitted).

### A.     Evidentiary basis for verdict

First, Defendants contend that Plaintiff's testimony was insufficient to support the jury verdict against Long.  [Filing No. 100, at ECF p. 5.]  Defendants argue that there were only two incidents described during testimony at trial that specifically related to Long's interaction with Plaintiff and neither supported a finding of excessive force: (1) Long threw a small, plastic specimen cup at Plaintiff, but did not hit her with it; and (2) Long put Plaintiff in handcuffs.  [Filing No. 100, at ECF p. 5.]

The Court views the evidence strictly in favor of Plaintiff, who prevailed before the jury.  *Id.*  In relation to the specimen cup, Plaintiff testified that Long threw the cup at her and it hit the wall.  Defendants argue that Long's limited interaction with Plaintiff of throwing a specimen cup at her, which did not touch Plaintiff, is not enough to support a claim of excessive force or a

violation of Plaintiff's constitutional rights.  [Filing No. 100, at ECF p. 5.]  The Court agrees.
This fact, alone, does not provide any evidentiary basis for a reasonable jury to conclude that
Long used unreasonable force against Plaintiff.  *See, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 37-38,
130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) ("[N]ot every malevolent touch by a prison
guard gives rise to a federal cause of action.  The Eighth Amendment's prohibition of cruel and
unusual punishment necessarily excludes from constitutional recognition *de minimis* use of
physical force, provided that the use of force is not of a sort repugnant to the conscience of
mankind.  An inmate who complains of a push or shove that causes no discernible injury almost
certainly fails to state a valid excessive force claim."  (Internal citations and quotation marks
omitted)); *Smith v. Stewart*, Case No. 17-cv-9085, 2020 WL 1157371, at *10 (N.D. Ill. Mar. 10,
2020) ("Plaintiff's nonspecific allegations that his shirt was grabbed, he was pushed and pulled,
subjected to verbal 'threats,' and 'practically sexually assaulted' are insufficient to support a
Fourth Amendment violation.").

Plaintiff then testified that after Long threw the specimen cup and it hit the wall, she
turned around and told Long she did not have time for this.  Long got on her radio and started
screaming.  The only other evidence presented at trial that related to an interaction between Long
and Plaintiff was Long's testimony that she put handcuffs on Plaintiff.  Long testified that she
handcuffed Plaintiff because Plaintiff "turned" on her and started to come toward her, so she
grabbed one of Plaintiff's arms and tried—and eventually succeeded—to handcuff her.  Plaintiff,
by contrast, did not testify that Long handcuffed her.  Rather, Plaintiff testified that Long was not
the officer who put her against the wall or handcuffed her.  On direct examination, Plaintiff never
mentioned that she was handcuffed.  On cross-examination, Plaintiff was asked if Long put her
in handcuffs, and she said that no, she did not.  Instead, Plaintiff stated that she assumed one of

the male officers probably handcuffed her and Long was not the officer who put her up against the wall.  Nevertheless, Plaintiff now argues that Long's actions of "grabbing Plaintiff, forcing her into the wall, and handcuffing her, after Plaintiff complied with every order, was contrary to the law, and was a violation of Plaintiff's Fourth Amendment right."  [Filing No. 104, at ECF p. 15.]  However, Plaintiff provides no support for this claim.

Defendants argue that while there are cases supporting the idea that certain actions involving handcuffs may support a claim of excessive force, such as putting a detainee in handcuffs a deputy knows are too tight and which cause injury, *see e.g., Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006), no such claim was made in this case and no evidence was offered that Long used excessive force putting Plaintiff in handcuffs.  [Filing No. 100, at ECF p. 5.]  Taking the evidence in the light most favorable to the verdict, the only evidence the jury heard in this case in relation to Long was that she threw a specimen cup at Plaintiff and later put her in handcuffs.  The specimen cup did not hit Plaintiff.  This act does not indicate use of excessive force, and Plaintiff offered no further evidence specifically asserting that Long used any level of force against her at all.  In addition, Plaintiff provided no testimony indicating that Long used force in putting handcuffs on her; rather, she completely discounted the idea that Long used handcuffs at all.

Moreover, as described in more detail below, even assuming, as Long testified, that Long handcuffed Plaintiff and used some level of force while doing so, her actions as described would fall under qualified immunity.  *See, e.g., Day v. Wooten*, 947 F.3d 453, 460 (7th Cir. 2020) ("A public official defendant is entitled to qualified immunity unless two disqualifying criteria are met.  First, the evidence construed in the light most favorable to the plaintiff must support a finding that the defendant violated the plaintiff's constitutional right.  Second, that right must

have been clearly established at the time of the violation."); *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 725 (7th Cir. 2013) ("[E]ven if the plaintiffs demonstrate that excessive force was used, they must further establish that it was objectively unreasonable for the officer to believe that the force was lawful—i.e., they must demonstrate that the right to be free from the particular use of force was clearly established."  (Internal citation and quotation marks omitted)).  *Todero v. Blackwell*, 383 F. Supp. 3d 826, 832 (S.D. Ind. 2019) ("In excessive force cases, the result depends very much on the facts of each case, so officers are entitled to qualified immunity unless precedent squarely governs the case at hand.  While a case directly on point is not required, exciting precedent must have placed the statutory or constitutional question beyond debate." (Internal citation, quotation marks, and emphasis omitted)).  Thus, Long, in her capacity as a deputy with the Marion County Sheriff's office, placing a detained Plaintiff in handcuffs under the facts as presented here also does not support a jury verdict finding Long used unreasonable force against Plaintiff.

The remainder of Plaintiff's testimony lacked any specific reference to Long.  Plaintiff testified generally that she was attacked "by the officers" and had her head slammed against a wall, but this was distinct from both the incident with the specimen cup and Plaintiff being placed in handcuffs, and it occurred outside of Long's presence.  Plaintiff presented no evidence specifically identifying *Long* as the Defendant who attacked her, and her testimony never asserted as much.  Indeed, the head slamming incident was described as a separate incident that occurred after Plaintiff was handcuffed and placed in an elevator.  Plaintiff and Long testified that their interaction ended before Plaintiff got on the elevator.  In addition, Plaintiff testified that after she was forced in the elevator, she was taken downstairs and officers were trying to make her take off her clothes, but she refused because there were no women present.

In her response brief, Plaintiff admits that "Plaintiff was unable to point to the exact person who slammed her head into a wall." [Filing No. 104, at ECF p. 13.] Nevertheless, Plaintiff argues that the jury could have inferred Long slammed Plaintiff into a wall from the circumstantial evidence presented at trial. [Filing No. 104, at ECF p. 13-14.] Plaintiff is correct that the Court instructed the jury that it could consider both circumstantial and direct evidence. The Court's instruction stated: "The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence." [Filing No. 94, at ECF p. 7.] However, the circumstantial evidence must reasonably support the conclusion that Long specifically used excessive force against Plaintiff in order to support a jury verdict against her. Plaintiff had to prove by a preponderance of the evidence that each individual Defendant used unreasonable force against her, which required a specific jury finding for each Defendant individually. [Filing No. 96, at ECF p. 1-2.] No such circumstantial evidence was presented in this case.

Plaintiff never specifically identified Long when describing the attack. In fact, Plaintiff's testimony went so far as to even discount the idea that Long attacked her. When asked on cross-examination whether it was Long or someone else who attacked her, Plaintiff said she had her back to them, but that she believed she was attacked by the officers Long called. And Plaintiff distinctly stated that her interaction with Long ended once she walked to and entered the elevator. Finally, as noted above, Plaintiff testified that no women were present when she was downstairs. Thus, the only interaction Plaintiff identified herself as having with Long was Long throwing the specimen cup at her and the cup hitting the wall. And the only additional interaction between Plaintiff and Long identified by any other witness was Long's testimony that

she handcuffed Plaintiff. As noted above, these actions were separate from the alleged attack and simply do not support a jury verdict finding Long used excessive force against Plaintiff.

Plaintiff now argues, for the first time, that even if Long was not responsible for slamming Plaintiff's head into the wall, she is still liable for use of excessive force for failing to intervene to prevent the harm from occurring. [Filing No. 104, at ECF p. 19.] As Defendant points out, however, Plaintiff did not make such argument at trial, nor did she present a proposed jury instruction regarding failure to intervene. [Filing No. 107, at ECF p. 5.] Thus, this is not a viable path to recovery now, as it is waived. *See, e.g., United States ex rel. Absher v. Momence Meadows Nursing Ctr., Inc.*, 764 F.3d 699, 712 (7th Cir. 2014) (a party waives theory not presented to jury, even if legally sound and supported by the evidence at trial); *C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014) ("A defendant cannot withhold arguments at trial and then fault the district court on appeal for not addressing them.").

As noted above, in ruling on a Rule 50 motion, it is not the role of the Court to weigh the evidence or determine credibility of the witnesses. *Passananti*, 689 F.3d at 659. But if a Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on an issue, the Court may resolve the issue. *See* Fed. R. Civ. P. 50(a). In this case, there was no legally sufficient evidentiary basis to support the jury verdict against Long. Thus, Defendants' motion for relief under Fed. R. Civ. P. 50 is granted. [Filing No. 98.]

**B.    Alternative argument: qualified immunity**

Since the Court has concluded that a reasonable jury would not have had a legally sufficient evidentiary basis to find for Plaintiff against Long, the Court need not address Defendants' alternative argument regarding qualified immunity. But, briefly, the Court notes that it agrees Long would be entitled to qualified immunity in this case for her actions.[1]

The Seventh Circuit recently addressed an argument regarding qualified immunity in *Day v. Wooten*, 947 F.3d 453 (7th Cir. 2020). In *Day*, the decedent died while handcuffed in police custody, and the district court denied qualified immunity. *Id.* at 458-59. The Seventh Circuit reviewed *de novo* the district court's denial of summary judgment on the defense of qualified immunity. *Id.* at 460. The Court noted:

> A public official defendant is entitled to qualified immunity unless two disqualifying criteria are met. First, the evidence construed in the light most favorable to the plaintiff must support a finding that the defendant violated the plaintiff's constitutional right. Second, that right must have been clearly established at the time of the violation.

*Id.* In addition, the *Day* Court noted that in order to defeat qualified immunity, "the right must be defined more specifically than simply the general right to be free from unreasonable seizure." *Id.* at 461. The Seventh Circuit concluded that the only right the plaintiffs in *Day* could assert would have been the right "of an out-of-breath arrestee to not have his hands cuffed behind his back after he complains of difficulty breathing." *Id.* at 463. And the Court found no Seventh Circuit precedent clearly establishing such a right. *Id.* Thus, the officers were in fact entitled to

---

[1] Plaintiff contends that Long did not raise the issue of qualified immunity in its pre-verdict motion, so the request was waived. [Filing No. 104, at ECF p. 20.] But, as Defendants note, Defendants initially raised qualified immunity as an affirmative defense in their answer to the complaint. [Filing No. 51, at ECF p. 10.] Defendants also raised the defense when making the Rule 50 argument at the close of Plaintiff's evidence. [Filing No. 107, at ECF p. 7.] Thus, Defendants did not waive the issue.

qualified immunity, since the evidence could not support a finding that the defendants violated a constitutional right of the decedent. *Id*. at 463-64.

Here, the evidence does not support a finding that Long violated any specific constitutional right of Plaintiff. As noted above, Plaintiff's evidence indicated that at most, Long threw a specimen cup at Plaintiff that missed her, and then grabbed her arm to handcuff her. These facts, without more, do not rise to the level of a violation of Plaintiff's constitutional rights. *Cf. Ajala v. Tom*, 658 Fed. App'x 805, 807 (7th Cir. 2016) (officers not entitled to qualified immunity where defendants "never even *alleged* a penological justification for refusing to loosen Ajala's handcuffs" and "reasonable officers in their positions would have known that it was unlawful for them to disregard Ajala's pleas for help."). Thus, Long's actions are covered by the defense of qualified immunity.

## IV.    Conclusion

When Defendants moved for relief under Fed. R. Civ. P. 50 at the close of Plaintiff's evidence, the Court very nearly dismissed Plaintiff's claims against Long. However, the Court opted to allow the jury to decide the issue in the first instance, while keeping the motion under advisement. The jury found for the other Defendants, but against Long. With due respect for the province of the jury, the evidence does not support the verdict against Long and it cannot stand. Therefore, Defendants' motion for relief under Fed. R. Civ. P. 50 [Filing No. 98] is granted. The jury verdict against Long is vacated. Because the jury also concluded that the remaining Defendants did not use excessive force, judgment will be entered in favor of all Defendants.

Date: 4/3/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email